**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

ANTHONY THOMAS

      Plaintiff,    **08-60571-CV-UNGARO/SIMONTON**

v.                              Case No.:

LEGAL MEDIATION PRACTICE, INC.

      Defendant.
_____/

```
FILED by    VK    D.C.
ELECTRONIC

APR. 21, 2008

STEVEN M. LARIMORE
CLERK  U.S.  DIST.  CT.
S. D.  OF  FLA. · MIAMI
```

<u>**NOTICE OF REMOVAL OF DEFENDANT LEGAL MEDIATION PRACTICE, INC.**</u>

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Legal Mediation

Practice, Inc., ("LMP"), hereby removes the above captioned civil action from the Circuit

Court in and for Broward County, Florida, to the United States District Court for the

Southern District of Florida. The removal of this civil case is proper because:

1.      Defendant is the only defendant in this civil action in the Circuit Court in

and for Broward County, Florida titled "*Anthony Thomas v. Legal Mediation Practice,*

*Inc.*" (hereinafter, the "State Court Action").

2.      Defendant removes this case on the basis of the Fair Debt Collection

Practices Act, Title 15 U.S.C. § 1692 ("FDCPA"), as the Plaintiff's Complaint claims

relief based on abusive practices in violation of federal law.

3.      Attached hereto as **Exhibit "A"** and incorporated by reference as part of

the Notice of Removal are true and correct copies of the process and pleadings in the

State Court Action. No further proceedings have taken place in the State Court Action.

5.     A copy of this Notice of Removal is being served upon Plaintiff and filed concurrently with the Clerk of the Circuit Court in and for Broward County, Florida.

WHEREFORE, Defendant hereby removes to this Court the State Court Action.

Respectfully Submitted,

_____

Kenneth C. Grace, Esq.
Florida Bar No.: 0658464
Elizabeth Fite-Blanco, Esq.
Florida Bar No.: 0644439
Dayle M. Van Hoose, Esq.
Florida Bar No.: 016277
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
9009 Corporate Lake Drive, Suite 300-S
Tampa, Florida  33634
Telephone No.: (813) 890-2465
Facsimile No.: (813) 889-9757
kgrace@sessions-law.biz
eblanco@sessions-law.biz
dvanhoose@sessions-law.biz

Counsel for LMP

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of April 2008 a copy of the foregoing document was sent via facsimile and U.S. Mail First Class to: Brian P. Parker, 30700 Telegraph Rd., Suite 1580, Bingham Farms, MI 48025.

_____

Attorney

N:\Legal Mediation Practice\Thomas, Anthony\Pleadings\Federal Court Removal Documents.doc

2

# EXHIBIT A

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT BROWARD COUNTY
STATE OF FLORIDA

ANTHONY THOMAS,

      Plaintiff,

v.                                  CASE NO.: 08-10851

LEGAL MEDIATION PRACTICE, INC.,

      Defendant.

_____/

## **NOTICE OF FILING NOTICE OF REMOVAL**

      PLEASE TAKE NOTICE that this action has been removed to the United States

District Court for the Southern District of Florida pursuant to the provisions of 28 U.S.C.

§§ 1331, 1441, and 1446.  Attached as **Exhibit "A"** to this Notice is a copy of the Notice

of Removal of the above-captioned suit filed on behalf of Defendant, Legal Mediation

Practice, Inc., in the United States District Court for the Southern District of Florida on

this date.

Dated: April 18th, 2008.

                                     Respectfully Submitted,

                                  _____

                                  Kenneth C. Grace, Esq.
                                  Florida Bar No.: 0658464
                                  Elizabeth Fite-Blanco, Esq.
                                  Florida Bar No.: 0644439
                                  Dayle M. Van Hoose, Esq.
                                  Florida Bar No.: 016277
                                  SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
                                  9009 Corporate Lake Drive, Suite 300-S
                                  Tampa, Florida  33634
                                  Telephone No.: (813) 890-2465
                                  Facsimile No.: (813) 889-9757

kgrace@sessions-law.biz
eblanco@sessions-law.biz
dvanhoose@sessions-law.biz

Counsel for LMP

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of April 2008 a copy of the foregoing document was sent via facsimile and U.S. Mail First Class to: Brian P. Parker, 30700 Telegraph Rd., Suite 1580, Bingham Farms, MI 48025.

_____
Attorney

N:\Legal Mediation Practice\Thomas, Anthony\Pleadings\State Court Removal Documents.doc

2

IN THE CIRCUIT COURT OF THE
17th JUDICIAL CIRCUIT BROWARD COUNTY,
STATE OF FLORIDA

ANTHONY THOMAS,

               Plaintiff,

-vs-                                        Case No.
                                        HON.

LEGAL MEDIATION PRACTICE, INC.,

               Defendant.
_____/
LAW OFFICES OF BRIAN P. PARKER, P.C.
BRIAN P. PARKER (0980668)
Attorney for Plaintiff
30700 Telegraph Rd., Suite 1580
Bingham Farms, MI 48025
(248) 642-6268
(248) 642-8875 (FAX)
lemonlaw@ameritech.net
WWW.COLLECTIONSTOPPER.COM
_____/

## COMPLAINT AND DEMAND FOR JURY

Plaintiffs, **ANTHONY THOMAS**, ("Plaintiff") by and through counsel, brings this

action against the above listed Defendant, **LEGAL MEDIATION PRACTICE, INC.**,

(Defendant) on the grounds and in the amounts set forth herein:

### I. PRELIMINARY STATEMENT

The plaintiff brings this action for damages based upon the Defendant's violations of the

Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq,* and seeks actual damages,

punitive damages, costs and attorney's fees.

## II. PARTIES

1.

The plaintiff is a natural person and consumer, a resident of Lauderhill, Broward County, Florida, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

2.

The defendant is a Debt Collector with its registered agent located in the State of Michigan with the actions in this case taking place at Plaintiff's home location in Broward County.

3.

The defendant is engaged in the collection of debts from consumers using the mail and telephone. The defendants regularly attempt to collect consumer debts alleged to be due another and is a "debt collector" as provided in 15 U.S.C. § 1692a(6).

## III. JURISDICTION AND VENUE

4.

This court has subject matter jurisdiction over this Complaint pursuant to FDCPA, 15 U.S.C. § 1692 *et seq*. The venue is proper in any court of competent jurisdiction under 15 U.S.C. § 1692k(d).

## IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

5.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers

against debt collection abuse. 15 U.S.C. § 1692.

6.

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

7.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

8.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

9.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

10.

A debt collector may not violate the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

11.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys' fees as determined by the Court and costs of this action. 15 U.S.C. § 1692k.

12.

The Florida Consumer Collection Practices Act (FCCPA), 559.55 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

13.

A "Debt Collector" means any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term "debt collector" includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts. Florida Statutes, Sections 559.55 (6).

14.

"Debtor" or "consumer" means any natural person obligated or allegedly obligated to pay any debt. Florida Statutes, Sections 559.55 (2).

15.

"Debt" or "consumer debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Florida Statutes, Sections 559.55 (1).

16.

Prohibited acts by debt collectors or collection agencies under Florida Statutes, Sections 559.72, include:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family;

(8) Use profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family;

(12) Orally communicate with a debtor in such a manner as to give the false impression or appearance that such person is or is associated with an attorney; and

(15) Refuse to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt.

17.

Under Florida Consumer Collection Practices Act, 559.77 et seq.(1 and 2) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In an action brought pursuant to subsection (1and 2), in determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

## V. FACTUAL ALLEGATIONS

18.

Plaintiff has received numerous phone calls from Defendant representatives in regards to the collection of the alleged debt.

19.

Defendant, through its representative "Lomax" has been rude and abusive in its conversations with Plaintiff. In one conversation, "Lomax" threatened to come to Plaintiff's job and home in an attempt to collect on the alleged debt. In another conversation, "Lomax" laughed at Plaintiff and hung up on him.

20.

Plaintiff has not received anything in writing from Defendant. Please see attached **Exhibit No. 1.**

21.

In fact, when Plaintiff asked Defendant to send him something in writing, "Lomax" responded by stating that they do not have to provide Plaintiff with this.

22.

Defendant has also told Plaintiff's mother that Plaintiff owes this alleged debt, in violation of the FDCPA.

23.

Defendant has called Plaintiff without stating the name of their company, as required by the FDCPA.

24.

Defendant has also failed to state in every conversation that they are a debt collector.

25.

Defendant has also called Plaintiff and said that they were calling from an attorney's office. **Please see attached Exhibit No. 1.**

26.

Defendant is repeatedly calling Plaintiff every day, about three to five times a day, even after Plaintiff has repeatedly asked them to stop calling him.

27.

Defendant calls Plaintiff while Plaintiff is working and Plaintiff specially told Defendant to stop calling him during those work hours, however, Defendant continues to call during those specific times.

28.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA and FCCPA.

## VI. CAUSES OF ACTION

## CLAIM AGAINST DEFENDANT UNDER THE FDCPA

29.

The defendant has violated the FDCPA, 15 U.S.C. § 1692e (10) by the use of false representations and deceptive means in pursuing Plaintiff.

30.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

31.

Defendant has violated the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

32.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number.

33.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(2) by using language the natural consequence of which is to abuse the hearer.

34.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(1) by failing to provide Plaintiff within five days of the initial communication with a written notice containing the amount of the debt.

35.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(2) by failing to provide Plaintiff within five days of the initial communication with a written notice containing the name of the creditor to whom the debt is owed.

36.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(3) by failing to provide Plaintiff within five days of the initial communication with a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

37.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(4) by failing to provide Plaintiff within five days of the initial communication with a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment

against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector

### 38.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(5) by failing to provide Plaintiff within five days of the initial communication with a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

### 39.

Defendant has violated the FDCPA, 15 U.S.C. § 1692c(a)(1) by communicating with the consumer at any unusual time or place known or which should be known to be inconvenient to the consumer.

### 40.

Defendant has violated the FDCPA, 15 U.S.C. § 1692c(b) by communicating with any person other than the consumer in the connection with the collection of any debt.

### 41.

Defendant has violated the FDCPA, 15 U.S.C. § 1692b(2) by communicating with any person other than the consumer and stating that such consumer owes a debt.

### 42.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(3) by falsely representing or implying that any individual is any attorney.

43.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(5) by threatening to taken any action that cannot legally be taken or that is not intended to be taken.

44.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity.

45.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(11) by failing to disclose in the initial communication that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose and the failure to disclose in subsequent communications that the communication is from a debt collector.

46.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA.

## CLAIM AGAINST DEFENDANT UNDER THE FCCPA

47.

Defendant has violated  559.72(7) by using a harassing, oppressive or abusive method to collect on a debt.

48.

Defendant has violated  559.72 (8) by using profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or.

49.

Defendant has violated 559.72 (12) by orally communicate with a debtor in such a manner as to give the false impression or appearance that such person is or is associated with an attorney.

50.

Defendant has violated 559.72 (15) by refusing to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt.

51.

Upon adverse adjudication, the Defendant shall be liable for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s. 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

52.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FCCPA.

53.

As a result of the actions of Defendant, Plaintiff hired the undersigned counsel. Counsel has been an attorney in good standing for almost 13 years and has handled thousands of consumer cases, personally. Counsel is known in his field of a consumer advocate and a competent, experienced consumer trial attorney. As a result, counsel's time is billed at the reasonable rate of $350.00 an hour.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grants the following relief against the Defendant:

1. For compensatory damages;
2. For statutory damages under the FDCPA;
3. For $1,000 and actual damages under 559.72;
4. For attorneys' fees and costs incurred in this action under the FDCPA and FCCPA;
5. For Damages under the FCCPA, and
6. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.
This 29th day of February, 2008.

Respectfully submitted,

BRIAN P. PARKER (P48617)
Attorney for Plaintiff

01/01/2004   00:00   305651781'3                                      PAGE  03/04

T-X.#1

## AFFIDAVIT OF ANTHONY THOMAS

STATE OF FLORIDA         )

COUNTY OF BROWARD )

ANTHONY THOMAS being first duly sworn, deposes and says that he is of _____ age and discretion to testify in a Court of law and that he makes this Affidavit based upon personal knowledge and, if called upon to testify, would testify as follows:

1. LEGAL MEDIATION PRACTICE, INC. is repeatedly calling me over the collection of an alleged debt.

2. In one conversation that I had with a representative from LEGAL MEDIATION PRACTICE, INC., they threatened to come to my job and home in an attempt to collect on the alleged debt.

3. I have not received anything in writing from LEGAL MEDIATION PRACTICE, INC.

4. A representative from LEGAL MEDIATION PRACTICE, INC. told my mother that I owe this alleged debt.

5. "Lomax" from LEGAL MEDIATION PRACTICE, INC. has been rude and abusive in conversations with me. In one conversation, he laughed at me and hung up on me.

6. Representatives of LEGAL MEDIATION PRACTICE, INC. have called me without saying the name of their company.

7. LEGAL MEDIATION PRACTICE, INC. representatives have failed to state in every conversation that they are a debt collector.

PAGE  04/04

8.     I asked "Lomax" from LEGAL MEDIATION PRACTICE, INC. for something in
       writing and he said that he does not have to provide me with this.

9.     Representatives of LEGAL MEDIATION PRACTICE, INC. have called me
       stating that they were calling from an attorney's office.

10.    LEGAL MEDIATION PRACTICE, INC. representatives call me about three to
       five times every day, even after I have repeatedly asked them to stop calling me.

11.    LEGAL MEDIATION PRACTICE, INC. representatives have called me during
       work hours, and I told them to not call me during those hours, however, they
       continue to call during those hours.

       Further, Deponent sayeth not.

                                                    _____
                                                    Anthony Thomas

Subscribed and sworn to before me
this _____ day of _____, 2008.

_____
Notary Public





7006 2760 0000 6916 0471

Law Offices of Brian P. Parker, PC
30700 Telegraph Road, Ste. 1580
Bingham Farms, MI 48025
www.collectionstopper.com

Legal Mediation Practice, Inc.
RA: CSC-Lawyers Incorporating Service
601 Abbott Road
East Lansing, MI 48823

**LMS Packing Slip**

# Package ID: 942334

**Tracking Number:**                      944763250431

**Package Recipient:**                    Paul McCranie

**Recepient Company:**                    Cornerstone Support, Inc.

**Recepient Address:**                    11111 Houze Rd. Suite 200  Roswell GA
                                          30076 USA

**Phone Number:**                         7705874595

**Package Contents:**

| Transmittal Number | Case Number | Title of Action |
| --- | --- | --- |
| 5671569 | 0810851 | Anthony Thomas vs. Legal Mediation Practice, Inc |

IN THE CIRCUIT COURT OF THE
17th JUDICIAL CIRCUIT, IN AND FOR
Broward ' COUNTY, FLORIDA
CIVIL DIVISION
CASE NO.:

Anthony Thomas

        Plaintiff,

vs.

Legal Mediation Practice, Inc.
        Defendants.

0810851

## CIVIL ACTION SUMMONS

STATE OF FLORIDA
To Each Sheriff of Said State:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition in this action
on Defendant:

Legal Mediation Practice, Inc.
RA: CSC-Lawyers Incorporating Service
601 Abbott Road
East Lansing, MI 48823

Each Defendant is required to serve written defenses to the Complaint or Petition on Plaintiff's attorney, to wit Brian
Parker whose address is:

        • 30700 Telegraph Road, Suite 1580
        Bingham Farms, MI 48025

Within 20 days after service of this Summons on that Defendant, exclusive of the day of service, and to file the
original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately
thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in
the Complaint or Petition.

EACH SHERIFF OF THE STATE:

        YOU ARE HEREBY COMMANDED to serve the Summons and a copy of the Complaint in this lawsuit
on the above-named Defendant.

        Dated this _____ day of _____, 2008

MAR 1 2 2008

(SEAL)

Clerk Of The Circuit Court

By: _____ THERESA GERVIN
           Deputy Clerk

A TRUE COPY
Circuit Court Seal



**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 5671569**
**Date Processed: 03/21/2008**

| | |
|---|---|
| **Primary Contact:** | Paul McCranie<br>Cornerstone Support, Inc.<br>11111 Houze Rd.<br>Suite 200<br>Roswell, GA 30076 |

| | |
|---|---|
| **Entity:** | Legal Mediation Practice, Inc.<br>Entity ID Number 2622881 |
| **Entity Served:** | Legal Mediation Practice, Inc |
| **Title of Action:** | Anthony Thomas vs. Legal Mediation Practice, Inc |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Other |
| **Court:** | Broward County Circuit Court, Florida |
| **Case Number:** | 0810851 |
| **Jurisdiction Served:** | Michigan |
| **Date Served on CSC:** | 03/20/2008 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Plaintiff's Attorney:** | Brian P. Parker<br>248-642-6268 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

# COLLECTIONSTOPPER.COM LAW OFFICES

**FLORIDA LAW OFFICES**
BRIAN P. PARKER, P.C.
5200 NW 43rd Street, Suite 102-314
Gainesville, FL 32606
Tel: (800) 737-2345
Fax: (866) 642-8875

**MICHIGAN LAW OFFICES**
BRIAN P. PARKER, P.C.
30700 Telegraph Road, Suite 1580
Bingham Farms, MI 48025
Tel: (248) 642-6268
Fax: (248) 642-8875

*E-Mail:    LemonLaw@Ameritech.net*

## COLLECTION COMPANIES HARASSING YOU?  HIT WWW.COLLECTIONSTOPPER.COM

BRIAN P. PARKER *

March 17, 2008

Legal Mediation Practice, Inc.
RA: CSC-Lawyers Incorporating Service
601 Abbott Road
East Lansing, MI 48823

> **RE:    Anthony Thomas v Legal Mediation Practice, Inc.**
> **Case No. 0810851**

Dear Sir/Madame:

Please be advised that I represent Anthony Thomas with reference to the above matter.

Enclosed please find the following documents:

- **Summons; and**
- **Complaint and Demand for Jury.**

Should you have any questions, please advise. Thank you.

Very truly yours,

LAW OFFICES OF BRIAN P. PARKER, P.C.

BRIAN P. PARKER

BPP/jnm
Enclosures

℣JS 44   (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Anthony Thomas | Legal Mediation Practice, Inc. |

**(b)** County of Residence of First Listed Plaintiff   Broward County, FL
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Duvall County, FL
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

Brian P. Parker, Esq., Law Offices of Brian P. Parker, P.C.,
30700 Telegraph Road, Suite 1580, Bingham Farms, MI 48025
Telephone No. 248-642-6268

Attorneys (If Known)

Kenneth C. Grace, Esq., Sessions, Fishman, Nathan & Israel, LLP
9009 Corporate Lake Dr., Ste. 300-S, Tampa, FL 33634; Tel.

**(d)** Check County Where Action Arose:  ❑ MIAMI- DADE  ❑ MONROE  ✔ BROWARD  ❑ PALM BEACH  ❑ MARTIN  ❑ ST. LUCIE  ❑ INDIAN RIVER  ❑ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

❑ 1  U.S. Government Plaintiff

✔ 3  Federal Question
(U.S. Government Not a Party)

❑ 2  U.S. Government Defendant

❑ 4  Diversity
(Indicate Citizenship of Parties in Item III)

FTL= 08CV60571 UU Simonton

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ✔ 1 | ❑ 1 | Incorporated or Principal Place of Business In This State | ❑ 4 | ✔ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated and Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV.  NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 610 Agriculture | ❑ 422 Appeal 28 USC 158 | ❑ 400 State Reapportionment |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 362 Personal Injury - Med. Malpractice | ❑ 620 Other Food & Drug | ❑ 423 Withdrawal 28 USC 157 | ❑ 410 Antitrust |
| ❑ 130 Miller Act | ❑ 315 Airplane Product Liability | ❑ 365 Personal Injury - Product Liability | ❑ 625 Drug Related Seizure of Property 21 USC 881 | | ❑ 430 Banks and Banking |
| ❑ 140 Negotiable Instrument | ❑ 320 Assault, Libel & Slander | ❑ 368 Asbestos Personal Injury Product Liability | ❑ 630 Liquor Laws | **PROPERTY RIGHTS** | ❑ 450 Commerce |
| ❑ 150 Recovery of Overpayment & Enforcement of Judgment | ❑ 330 Federal Employers' Liability | | ❑ 640 R.R. & Truck | ❑ 820 Copyrights | ❑ 460 Deportation |
| ❑ 151 Medicare Act | ❑ 340 Marine | **PERSONAL PROPERTY** | ❑ 650 Airline Regs. | ❑ 830 Patent | ❑ 470 Racketeer Influenced and Corrupt Organizations |
| ❑ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ❑ 345 Marine Product Liability | ❑ 370 Other Fraud | ❑ 660 Occupational Safety/Health | ❑ 840 Trademark | ☒ 480 Consumer Credit |
| ❑ 153 Recovery of Overpayment of Veteran's Benefits | ❑ 350 Motor Vehicle | ❑ 371 Truth in Lending | ❑ 690 Other | | ❑ 490 Cable/Sat TV |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle Product Liability | ❑ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ❑ 810 Selective Service |
| ❑ 190 Other Contract | ❑ 360 Other Personal Injury | ❑ 385 Property Damage Product Liability | ❑ 710 Fair Labor Standards Act | ❑ 861 HIA (1395ff) | ❑ 850 Securities/Commodities/ Exchange |
| ❑ 195 Contract Product Liability | | | ❑ 720 Labor/Mgmt. Relations | ❑ 862 Black Lung (923) | ❑ 875 Customer Challenge 12 USC 3410 |
| ❑ 196 Franchise | | | ❑ 730 Labor/Mgmt.Reporting & Disclosure Act | ❑ 863 DIWC/DIWW (405(g)) | ❑ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 740 Railway Labor Act | ❑ 864 SSID Title XVI | ❑ 891 Agricultural Acts |
| ❑ 210 Land Condemnation | ❑ 441 Voting | ❑ 510 Motions to Vacate Sentence | ❑ 790 Other Labor Litigation | ❑ 865 RSI (405(g)) | ❑ 892 Economic Stabilization Act |
| ❑ 220 Foreclosure | ❑ 442 Employment | **Habeas Corpus:** | ❑ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ❑ 893 Environmental Matters |
| ❑ 230 Rent Lease & Ejectment | ❑ 443 Housing/ Accommodations | ❑ 530 General | Security Act | ❑ 870 Taxes (U.S. Plaintiff or Defendant) | ❑ 894 Energy Allocation Act |
| ❑ 240 Torts to Land | ❑ 444 Welfare | ❑ 535 Death Penalty | | ❑ 871 IRS—Third Party 26 USC 7609 | ❑ 895 Freedom of Information Act |
| ❑ 245 Tort Product Liability | ❑ 445 Amer. w/Disabilities - Employment | ❑ 540 Mandamus & Other | | | ❑ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ❑ 290 All Other Real Property | ❑ 446 Amer. w/Disabilities - Other | ❑ 550 Civil Rights | | | ❑ 950 Constitutionality of State Statutes |
| | ❑ 440 Other Civil Rights | ❑ 555 Prison Condition | | | |

FILED by ___ INTAKE

APR 2 1 2008

STEVEN M. LARIMORE
CLERK U.S. DIST CT
S.D. OF FLA. MIAMI

## V. ORIGIN   (Place an "X" in One Box Only)

❑ 1  Original Proceeding

✔ 2  Removed from State Court

❑ 3  Re-filed-
(see VI below)

❑ 4  Reinstated or Reopened

❑ 5  Transferred from another district (specify)

❑ 6  Multidistrict Litigation

❑ 7  Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ❑ YES ☒ NO   b) Related Cases ❑ YES ☒ NO

JUDGE _____   DOCKET NUMBER _____

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

Fair Debt Collection Practices Act

LENGTH OF TRIAL via  60  days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 15,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ❑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE  4/13/08

FOR OFFICE USE ONLY

AMOUNT $350   RECEIPT # 978936

04/21/08